IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bank of America, N.A.,

Plaintiff,

Court File No.. 01 CV 2003 PAM/JGL

v.

**STIPULATED PROTECTIVE ORDER**

TCF National Bank,

Defendant.

The parties stipulate to the entry of the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c):

**IT IS ORDERED THAT:**

Discovery taken by the parties in this case shall be conducted subject to the following Order:

1. Any and all documents, testimony, information or other material produced or otherwise furnished by any of the parties or non-parties in informal or other discovery that the producing party believes contains trade secrets or other confidential commercial, financial, business, proprietary or personal information may be designated, in good faith, as "Confidential Material" by the producing party by stamping or marking on the documents, transcripts or other material the term "CONFIDENTIAL." Such Confidential Material shall be maintained in confidence and used only for the purposes of this litigation, and shall not be communicated or used for any other purpose. A party's disclosure or use for any purpose of its own Confidential Material shall not be considered a violation of this Order. To the extent that any Confidential Material is filed with the Clerk of Court or with the Court, it shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed. If the Clerk of Court or Court refuses to grant a party's request to so treat Confidential Material,

FILED MAR 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the party may nonetheless file such Confidential Material with the Clerk of Court or Court, and the filing shall not be deemed to waive any other restriction contained herein.

2. In the event any documents, testimony, information or other material is sought in this litigation from any person or entity not a party to this litigation, such person or entity shall have the same rights to designate any such material as Confidential Material as a party would have, and the use of such Confidential Material shall be governed in all respects by this Order. The terms "party" and "parties" as used herein include any such non-parties to the extent necessary or appropriate to effectuate the terms of this paragraph.

3. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of Confidential Material and any motion papers, memoranda or other documents that quote from, attach or include Confidential Material shall be treated in the same manner as the underlying Confidential Material.

4. Confidential Material may be used in connection with depositions or hearings before the Court. During the conduct of a deposition or hearing, a party may state that certain testimony is "Confidential Material" and advise all persons present that the information is subject to this Order. The testimony shall be then separately transcribed and marked with a legend indicating that it is "CONFIDENTIAL." If a designation of Confidential Material is not made in advance of disclosure at a deposition or hearing, it may be made by any party within thirty (30) days after receiving the transcript. Deposition or hearing transcripts shall be treated as Confidential Material during the thirty (30) days provided to make confidentiality designations. Portion(s) of the transcript designated as "CONFIDENTIAL" shall be treated as Confidential Material subject to the terms of this Order.

5. Any party wishing to designate written material as Confidential Material must mark as "CONFIDENTIAL" each page of any document containing information to be treated as

Confidential Material. All documents produced for inspection shall be treated as Confidential Material until specific documents are produced. Once specific documents have been selected for copying, any document containing Confidential Material may be marked before delivery to the party who inspected and selected the documents. Any party wishing to designate written discovery answers as Confidential Material shall type those answers in a separate document in which every page is marked" Confidential."

6. If, at the time of trial, or in connection with any hearing, any counsel intends to introduce or use Confidential Material designated by another party, counsel shall so inform the Court and counsel for the party who produced the documents or information at issue in advance of the hearing, if reasonably possible. The Court may take steps, at the request of any party or on its own initiative, as it deems necessary, to preserve the confidentiality of the Confidential Material.

7. Neither the parties nor their counsel shall disclose or permit the disclosure of Confidential Material to anyone other than: a) partners, associates, legal assistants or employees of counsel to this action; b) the parties themselves and their employee representatives; c) any expert(s) or consultants(s) retained in connection with this proceeding; d) any other person deemed necessary by counsel for the purposes of litigation; and e) any other person to whom the designators and the parties agree in writing.

8. Except for the persons listed in paragraphs 7(a) and (b) above, and the Court, court personnel and court reporters, all persons to whom any Confidential Material is disclosed shall, prior to any disclosure to them, be provided a copy of this Order and required to execute a protective agreement in the form attached as Exhibit A to this Order. If requested in writing, copies of the executed protective agreements shall be provided to opposing counsel within thirty (30) days of the conclusion or final settlement of this action, including any appeals. A party

desiring to show Confidential Material to a non-party witness during a deposition shall request that the non-party witness execute a protective agreement in the form attached as Exhibit A. In the event that the non-party witness refuses to execute a protective agreement, the party seeking to preserve confidentiality may suspend the deposition for the time necessary for that party to move pursuant to Fed. R. Civ. P. 26(c) and/or 30(d) for an order protecting the confidentiality of the Confidential Material.

9. Nothing contained in this Order shall restrict or prevent any party to this action from disclosing or otherwise using: (a) its own Confidential Material produced or disclosed in this action; or (b) any matter produced or disclosed in this action not subject to this Order and not designated as Confidential Material.

10. Nothing in this Order constitutes a finding or admission that any Confidential Material is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any particular Confidential Material does, in fact, contain Confidential Material or the question of whether this Order should be modified. Before seeking relief from the Court, the parties will confer and try to reach agreement. The material in issue shall be treated as designated until the Court orders otherwise. Nothing in this Order shall affect in any way the admissibility of any document, tangible thing, testimony, or other evidence at trial.

11. Notwithstanding the foregoing or any other provision of this Order, the parties agree to designate materials as "CONFIDENTIAL" only in good faith and when reasonable grounds exist therefor. Any designator may, at any time, withdraw the designation of "CONFIDENTIAL" for any or all of its material. This Order may be altered or modified by agreement of both parties in writing.

12. During the time when Confidential Materials are being disclosed or discussed, counsel may exclude from the room during a deposition any person (other than the witness who is then testifying) who is not entitled under this Order to receive or review Confidential Material. A party may also request that the Court exclude such persons from any hearing or proceeding where Confidential Materials are being disclosed or discussed. If the request is denied, the party may nonetheless proceed with the hearing or proceeding without waiving any restrictions contained herein.

13. Upon the final conclusion of this litigation, including any appeals, or upon the settlement and/or dismissal of the proceeding, all Confidential Material shall be returned to the party which produced them or shall be destroyed, except that counsel may retain one archival copy of all Confidential Material, which will not be copied or distributed except as may be required by law and then only after reasonable advance written notice of the distribution is given to the party who designated the material as "CONFIDENTIAL." In addition and without waiving the foregoing, the parties agree that all Confidential Material maintained by counsel will otherwise remain subject to this Order. Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain Confidential Material. The terms of this Order shall survive and remain in effect after the termination or settlement of this litigation. The Court shall retain jurisdiction to enforce this Order.

14. The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain

documents, testimony or information, or from seeking relief from this Order if that party believes that, in practice, its terms are inhibiting the efficient conduct of this litigation.

**MOSS & BARNETT,**
**A Professional Association**

Dated: March 26, 2002

By ______________________
Thomas E. Harms (#4135X)
Dawn M. Knutson (#258970)
Attorneys for Plaintiff
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 347-0300

**BRIGGS AND MORGAN**

Dated: March 22, 2002

By ______________________
Janel E. LaBoda (#194128)
Attorneys for Defendant
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 334-8581

**IT IS SO ORDERED:**

**BY THE COURT:**

Dated: March 26, 2002.

______________________
Magistrate Judge Jonathan Lebedoff

484548/1

EXHIBIT A

PROTECTIVE AGREEMENT

I hereby acknowledge that I am being given access to "Confidential Material" that is subject to a Protective Order in the case entitled Bank of America, N.A. vs. TCF National Bank, Court File No. 01-CV-2003, pending in U.S. District Court, District of Minnesota. I have been provided with a copy of the Protective Order, and I agree to abide by its terms. I agree to maintain the confidentiality of Confidential Material provided to me and to use such Confidential Material only for those purposes allowed by the Protective Order. I understand that if I violate this agreement, I may be punished by contempt of court and ordered to pay money to any person damaged by my actions. I further agree that upon the conclusion of my having any need for the Confidential Material provided to me; upon the final termination of this litigation (including appeals, if any); or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all such documents and information provided and all copies thereof.

______________________________

Printed Name

______________________________

Signature

Address:

______________________________

______________________________

______________________________

Phone Number:

______________________________

484548/1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.